IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDRE ISLAND,

       Petitioner,                     No. CIV S-09-3226 JAM DAD (TEMP) P

    vs.

TOM CAREY, Warden,

       Respondent.              FINDINGS AND RECOMMENDATIONS

_____/

       Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus. He challenges the loss of good time credits stemming from a disciplinary proceeding and raises four grounds: (1) the hearing officer improperly applied the "some evidence" standard for disciplinary proceedings; (2) certain regulations establish a presumption of guilt, in violation of petitioner's due process rights; (3) correctional authorities failed to prove petitioner's guilt by a preponderance of the evidence; and (4) correctional authorities violated petitioner's due process rights by failing to consider the testimony of a material witness.

       Respondent has filed a motion to dismiss on the ground that two of petitioner's claims are not exhausted and that the petition, containing both exhausted and unexhausted claims, must be dismissed.

I. Procedural Background

On December 10, 2007, petitioner was found guilty of possessing a cell phone and was assessed a loss of thirty days of good time credit, among other penalties. Petition (Petn.) at 25.[1]

On January 11, 2008, petitioner filed an administrative appeal, alleging that the disciplinary finding was not supported by the necessary "some evidence" of guilt and that the hearing officer improperly restricted the questions petitioner wished to ask the officer who found the cell phone. Id. at 43; Motion To Dismiss (MTD), Docket No. 9-6 at 7. The informal and first levels of review for this grievance were bypassed and it was considered in the first instance at the second level of review. Docket No. 9-6 at 8.

While the grievance was pending at the second level, Inmate Hodges signed a declaration taking sole responsibility for the cell phone, charger and earpiece, which he claimed he stashed near petitioner's bunk when it became clear the dormitory was to be searched. Petn., at 33. This declaration, dated April 17, 2008, apparently was not provided to the second level reviewer. However, in the second level denial dated April 25, 2008, the appeals coordinator recorded that during a telephonic interview petitioner mentioned Hodges' claim of ownership. The appeals coordinator also noted that when contacted by telephone, "Inmate Hodges denied knowledge of the cell phone and explained he never lived in your building or had any acquaintance with you." Docket No. 9-6 at 13.[2]

Petitioner pursued his administrative appeal to the Director's Level, explaining on the grievance form that he "stated to B. Torres [the interviewer]. . . that an inmate ROBERT

/////

---

[1] The court refers to the page numbers assigned by its ECF system.

[2] It does not appear that the second level decision was before the Superior Court, though it was filed in the Court of Appeal as part of respondent's informal response to the petition. The Superior Court did have a copy of the grievance form. See Docket No. 9-1 at 49-50.

HODGE, V-73556 14-E-3Upper admitted ownership of the phone in the presence of SHO Lt. Parks [the hearing officer] and appellant." Docket No. 9-6 at 8.

Petitioner did not prevail at the third level of administrative review: without mentioning Inmate Hodge's claim of ownership, the reviewer concluded that "the evidence satisfies the preponderance threshold required to find guilt for the serious RVR. The appellant was provided appropriate due process and administrative protections in the adjudication of the RVR and the finding the disposition are consistent with regulations." Petn. at 40.

Petitioner turned to the California Courts, starting in the Solano County Superior Court with a petition which raised the four grounds currently pending in this court. Docket No. 9-1 at 6-23. That court denied the petition:

> [Petitioner] claims that the CDC did not properly apply the preponderance of the evidence standard as required by 15 CCR § 3320(1) in finding him guilty and his guilty finding is not supported by some evidence as required by law. He also argues that he was denied a witness, who did not come forward until some four months after his guilt finding. Lastly, he makes an argument that the CDC regulation defining contraband. . . is unconstitutional because it permits an improper inference of one fact from another fact.
>
> Regarding his evidentiary claim, that his guilty finding is not supported by some evidence and that the CDC did not properly apply the preponderance of the evidence standard, the Court's review is very limited. The Court must uphold the guilty finding so long as some evidence supports it. . . . Here, the guilty finding is supported by the fact that the cell phone was found under Petitioner's bunk and near a box containing petitioner's property.
>
> Regarding Petitioner's other two issues, Petitioner has not shown that he raised those issues in his CDC 602 appeal. So, Petitioner has not exhausted administrative remedies. "It is well settled as a general proposition that a litigant will not be afforded relief in the courts unless and until he has exhausted available administrative remedies. This general rule applies to applications for habeas corpus relief." (*In re Thompson* (1985) 172 Cal.App.3d 256, 262.)

Docket No. 9-1 at 2-3.

/////

/////

1    Petitioner filed habeas petitions in the Court of Appeal and the Supreme Court,
2 both of which denied relief without providing any reasoning for their decisions. Docket No. 9-2
3 at 2; 9-8 at 2-3.
4 II.  The Exhaustion Of State Remedies
5    The exhaustion of state court remedies is a prerequisite to the granting of a
6 petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). The United States Supreme Court
7 has held that a federal district court may not entertain a petition for habeas corpus unless the
8 petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy,
9 455 U.S. 509 (1982). A mixed petition containing both exhausted and unexhausted claims must
10 be dismissed. Id.
11    A petitioner satisfies the exhaustion requirement by providing the highest state
12 court with a full and fair opportunity to consider all claims before presenting them to the federal
13 court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086
14 (9th Cir. 1986). The state court has had an opportunity to rule on the merits when the petitioner
15 has fairly presented his claims to that court. Duncan v. Henry, 513 U.S. 364, 365 (1995).
16    Respondent argues that petitioner has not exhausted state remedies as to the
17 claims that he was denied the opportunity to present a crucial witness and that the regulations
18 involving contraband create an unconstitutional presumption because they were not fairly
19 presented to the state courts. He relies on the Superior Court's conclusion that petitioner had not
20 exhausted administrative remedies on these two claims and the subsequent "silent" denials from
21 the state Court of Appeal and Supreme Court. See Ylst v. Nunnemaker, 501 U.S. 797, 803
22 (1991) (in the face of a silent denial, federal court will look through it to last reasoned decision).
23    In Castille v. Peoples, 489 U.S. 346, 351 (1989), the Supreme Court said that a
24 claim is not exhausted when it is presented in a procedural context which precludes consideration
25 of its merits so long as petitioner could correct the defect. In Harris v. Superior Court, 500 F.2d
26 1124, 1128 (9th Cir. 1974) (en banc), the Ninth Circuit decided that so-called "post card" denials

4

from the California Supreme Court served to exhaust state remedies; in the course of the decision, the court said that "[i]f the denial of the habeas corpus petition includes a citation of an authority which indicates that the petition was procedurally deficient or if the California Supreme Court so states explicitly, then the available state remedies have not been exhausted as the California Supreme Court has not been given the required fair opportunity to correct the constitutional violation."  See also McQuown v. McCartney, 795 F.2d 807, 810 (9th Cir.1985) ("[i]f a state court denies a petition for post-conviction relief or a habeas petition on procedural grounds, the exhaustion requirement is not necessarily met.")  Respondent argues that the Superior Court's determination that petitioner failed to exhaust administrative remedies was such a curable procedural denial, which translates into a failure to exhaust.

However in Kim v. Villalobos, 799 F.2d 1317 (9th Cir. 1986), the Ninth Circuit tasked the district courts to examine such claims of procedural failure to exhaust with a critical eye.  In Kim, the petitioner came to federal court with a habeas petition following the California Supreme Court's postcard denials of his two state habeas petitions.  Each denial cited a number of cases but provided no other reasoning.  Id. at 1318.  Relying on King and McQuown, respondent argued that the federal petition was unexhausted to the extent that the denial was based on In re Swain, 34 Cal.2d 300 (1949).  Id. at 1319.  The Ninth Circuit agreed that a citation to a particular portion of Swain means that petitioner had not presented his claims with sufficient particularity, but said:

> We cannot accept the State's premise that the California Supreme Court's citation of *Swain* establishes *per se* that Kim failed to exhaust. . . . .
>
> Here Kim contends that he did allege his claims with particularity, and that they are incapable of being alleged with any greater particularity. . . . The state courts, by denying a writ for lack of particularity when the claims are alleged with as much particularity as is practicable, cannot forever preclude the petitioner from reaching federal court. . . .It is therefore incumbent upon us, in determining whether the federal standard of "fair presentation" of a claim to the state courts has been met, independently to examine Kim's petition to the California Supreme Court.  The mere citation

5

1 of *In re Swain* does not preclude such review.
2 Kim at 1319-1320; cf O'Sullivan v. Boerckel, 526 U.S. 838, 847 (1999) ("the exhaustion
3 doctrine. . . turns on an inquiry into what procedures are 'available' under state law.")
4 Applying Kim's independent analysis to this case leads this court to conclude that
5 petitioner's claim based on the denial of a witness was in fact exhausted through the
6 administrative process.  As noted above, the initial consideration of the grievance was conducted
7 at the second level and during the interview conducted during that review, petitioner mentioned
8 Hodge's claim of ownership.  Moreover, petitioner listed this as part of the reason for his
9 dissatisfaction with the resolution of the grievance at the second level and provided this evidence
10 to the superior court.  Because petitioner included evidence of his administrative exhaustion with
11 the superior court petition, he fairly presented his claim procedurally.
12 Nothing in the record shows, however, that he exhausted his claim that the
13 regulations regarding contraband establish an unconstitutional presumption or that he presented
14 evidence showing exhaustion to the Superior Court.   He has not satisfied the fair presentation
15 requirement with respect to this claim.   The presence of this unexhausted claim renders this a
16 mixed petition, subject to dismissal.
17 IT IS THEREFORE RECOMMENDED that respondent's motion to dismiss
18 (docket no. 9) be granted and that petitioner be directed to file an amended petition, containing
19 only his three unexhausted claims, within thirty days of any order adopting this recommendation.
20 These findings and recommendations are submitted to the United States District
21 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-
22 one days after being served with these findings and recommendations, any party may file written
23 objections with the court and serve a copy on all parties.  Such a document should be captioned
24 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
25 shall be served and filed within fourteen days after service of the objections.  The parties are
26 /////

1 | advised that failure to file objections within the specified time may waive the right to appeal the
2 | District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3 | DATED: January 6, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

sg
isla3226.mtd