IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDRE B. ISLAND,

    Petitioner,               No. 2:09-cv-3226 JAM CKD P

vs.

TOM L. CAREY,

    Respondent.             FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a California prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C. § 2254. He challenges 2007 prisoner disciplinary proceedings which resulted in petitioner being found guilty of possessing a cellular phone. The operative petition is the second amended petition filed on April 25, 2012 in which petitioner asserts there is not Constitutionally sufficient evidence to support the finding that he possessed a cellular phone.

I. <u>Standard For Habeas Corpus Relief</u>

        An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). Also, federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

1

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).[1]  It is the habeas petitioner's burden to show he is not precluded from obtaining relief by § 2254(d).  See Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are different.  As the Supreme Court has explained:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts.  The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case.  The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams [v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685, 694 (2002).

The court will look to the last reasoned state court decision in determining whether the law applied to a particular claim by the state courts was contrary to the law set forth in the cases of the United States Supreme Court or whether an unreasonable application of such law has occurred.  Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002).

A state court does not apply a rule different from the law set forth in Supreme Court cases, or unreasonably apply such law, if the state court simply fails to cite or fails to indicate an awareness of federal law.  Early v. Packer, 537 U.S. 3, 8 (2002).

\\\\\

---

[1] Title 28 U.S.C. § 2254(d) establishes a precondition to federal habeas relief, not grounds for entitlement to habeas relief.  Fry v. Pliler, 551 U.S. 112, 119 (2007).

"[W]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Harrington v. Richter, 131 S. Ct. 770, 784-85 (2011). "The presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely." Id. at 785.

Where the state court fails to give any reasoning whatsoever in support of the denial of a claim arising under Constitutional or federal law, the Ninth Circuit has held that this court must perform an independent review of the record to ascertain whether the state court decision was objectively unreasonable. Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). As long as "'fairminded jurists could disagree' on the correctness of the state court's decision," habeas relief is precluded. Harrington, 131 S. Ct. 786.

II. Facts

During a November 2007 cell search, a correctional officer found a cellular phone beneath petitioner's bed and near a box containing his property. Dkt. 22-4 at 21. The officer also discovered a phone charger hanging on the back of petitioner's bed. Id. As a result, the officer filed a Rules Violation Report for a violation of Title 15 of the California Code of Regulations § 3006 (possession of a cellular phone by a prisoner). Id. In December 2007, at a disciplinary hearing, petitioner was permitted to question the officer who found the cellular phone and charger. Id. at 23. Following the questioning, the hearing officer found petitioner guilty. Id. at 24. Petitioner consequently lost thirty days of sentence-reducing work credit. Id. Four months after the hearing, in April 2008, inmate Robert Hodge submitted an affidavit explaining that the cellular phone found behind petitioner's bed was his and that he hid the phone under petitioner's bed so that it would not be found on Hodge's person during a search. Dkt. 22-1 at 42. As a result, Appeals Coordinator B. Torres telephonically interviewed Hodge who then denied knowledge of the cellular phone and explained "he never lived in [petitioner's] building or had acquaintance with [him]." Dkt. 22-4 at 10-13.

III. Procedural History & Rejection Of Claim By State Court

In 2008, petitioner filed a petition for writ of habeas corpus in Solano County Superior Court arguing the finding that he possessed a cellular phone is not supported by sufficient evidence. Dkt. 9-1 at 1-2. The court noted that pursuant to Superintendent v. Hill, 472 U.S. 455, 456 (1985), the findings of a hearing officer presiding over prison disciplinary proceedings must be upheld as long as "some evidence" supports the finding. Id. at 2. Because the cellular phone and charger were found under petitioner's bed and near a box containing petitioner's property, the court found that there was sufficient evidence to support the hearing officer's decision. Id.

Subsequently, petitioner raised the same challenge in the California Court of Appeal and California Supreme Court. Both courts summarily denied his claim. Dkt. 9-2, 9-3, 9-4, 9-5 & 9-8.

IV. Analysis

As indicated above, the Superior Court of Solano County was the last state court to issue a reasoned decision regarding petitioner's sufficiency of evidence claim. The court identified the correct standard from Superintendent v. Hill, did not unreasonably apply it and the court's decision to deny petitioner's claim was not based on an unreasonable determination of the facts. Therefore, petitioner is precluded from obtaining habeas relief by 28 U.S.C. § 2254(d). Furthermore, based on the fact that the cellular phone was found beneath petitioner's bed and near a box containing petitioner's property, there is sufficient evidence to meet the "some evidence" standard.

V. Conclusion

For all of the forgoing reasons, the court will recommend that petitioner's application for writ of habeas corpus be denied and this case be closed. In light of the court's recommendation, the court need not consider the other arguments asserted by respondent in support of denial of petitioner's habeas application.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for writ of habeas corpus is denied; and

2. This case is closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 17, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
isla3226.157